**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5010**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MICHAEL ANTONIO WOMACK,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00104-JAB)

Submitted:  June 13, 2008          Decided:  July 7, 2008

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A. Wayne Harrison, Sr., LAW OFFICES OF A. WAYNE HARRISON, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Antonio Womack appeals his convictions after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2008). On appeal, Womack contends the district court erred in denying his motion to suppress, as he claims that his arrest warrant was not supported by evidence sufficient to establish probable cause.* Womack contends the sources relied on by the police were "members of the criminal community" who were merely seeking leniency from the authorities in return for their information. Womack further asserts that the statements provided by the sources were vague in content and involved hearsay rather than first-person observations. After thoroughly reviewing the record, we conclude the district court did not err in denying Womack's motion to suppress.

Legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while factual findings are reviewed for clear error. United States v. Moreland, 437 F.3d 424, 429 (4th Cir. 2006). The evidence is construed "in the light most favorable

_____

*The district court also denied a second motion to suppress in which Womack contended that his post-arrest statements were made to police in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). However, Womack did not raise this claim in his appellate brief; accordingly, review of this matter has been waived. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

to the prevailing party below." <u>United States v. Kimbrough</u>, 477 F.3d 144, 147 (4th Cir.), <u>cert. denied</u>, 128 S. Ct. 154 (2007). In order to establish probable cause adequate to obtain issuance of an arrest warrant, an officer is only required to present enough evidence "'to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." <u>Wilkes v. Young</u>, 28 F.3d 1362, 1365 (4th Cir. 1994) (quoting <u>Brinegar v. United States</u>, 338 U.S. 160, 175-76 (1949)). A reviewing court must look at the "totality of the circumstances" in determining whether there was probable cause, examining both the veracity and base of knowledge of those sources supplying hearsay information. <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). On review by an appellate court, a magistrate judge's finding of probable cause is entitled to "great deference." <u>United States v. Grossman</u>, 400 F.3d 212, 217 (4th Cir. 2005).

Womack notes that Detective Antoine Hinson, who testified before the magistrate judge in support of the arrest warrant, had no knowledge regarding the reliability of his three sources. Regardless, the statements provided by these individuals were consistent with one another and were further corroborated by the evidence collected in the case. See <u>Gates</u>, 462 U.S. at 234; <u>see also</u> <u>United States v. Hodge</u>, 354 F.3d 305, 309 (4th Cir. 2004) (corroboration of informant's hearsay is "important factor" in determining probable cause). All three of the sources provided

similar accounts of Womack's role in the murder of Antonio Stimpson, as Dontae Doggett had spoken to each of the sources individually about the shooting and admitted that both he and Womack were the triggermen. Furthermore, one of the sources confirmed the validity of his statements by correctly identifying Womack and Doggett in a photo lineup and by handing over an audiotape of Doggett speaking about his and Womack's roles in the murder. See Gates, 462 U.S. at 233 (doubts regarding informant's motives can be overcome by other indicia of reliability).

The statements provided to Detective Hinson by the three sources were further corroborated by the evidence already collected in this case. One source indicated that Doggett had access to a 9 millimeter handgun and a .45 caliber pistol, while Doggett admitted to another source that he and Womack had used a 9 millimeter handgun and a .45 caliber pistol during the shooting. These statements are consistent with the 9 millimeter and .45 caliber shell casings police found near Stimpson's vehicle.

While the magistrate judge was not provided with information regarding prior suspects or conflicting information given by one of the eyewitnesses, mere omission of information does not negate a finding of probable cause. Womack has failed to demonstrate that Detective Hinson omitted "'material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading.'" Miller v. Prince George's

County, 475 F.3d 621, 627 (4th Cir.) (quoting United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)), cert. denied, 128 S. Ct. 109 (2007).  Therefore, Womack's claim that his arrest warrant was not supported by sufficient evidence to demonstrate probable cause is meritless.

Accordingly, we affirm Womack's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED